IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MID SOUTH CARBON CORPORATION,

    Plaintiff,

v.            CIVIL ACTION NO.  3:14-26023

TRICAMP CAPITAL, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are a number of motions by the parties, including: Defendant TriCamp Capital, LLC's Motions to Dismiss (ECF No. 5); Plaintiff Mid South Carbon Corporation's Motion to Remand Case to State Court (ECF No. 11); Defendant TriCamp Capital, LLC's Motion to Stay (ECF No. 16); and Plaintiff Mid South Carbon Corporation's Motion to Strike All or Portions of the Second Affidavit of Samuel Murray, Jr. and All or Portions of TriCamp's Motion to Stay and Memo in Support of Motion to Stay (ECF No. 18).  Upon consideration of Defendant's Motion to Dismiss, the Court **DISMISSES** this action without prejudice.

On August 13, 2014, Plaintiff's counsel delivered a "Complaint for Breach of Contract, Unjust Enrichment and Declaratory Judgment with Jury Demand Endorsed Hereon" to the Circuit Court of Mason County, West Virginia.  It is undisputed that, at the time the Complaint was given to the Clerk, Plaintiff's counsel did not include a civil case information statement as required by Rule 3(b) of the West Virginia Rules of Civil Procedure.  Nevertheless,

the Clerk "filed" the Complaint, and Defendant received a copy of the Summons and Complaint on August 20, 2014. Thereafter, on September 19, 2014, Defendant removed the case to this Court, asserting diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, & 1446. The above motions then ensued. In its Motion to Dismiss, Defendant asserts that this action must be dismissed because, *inter alia*, the Mason County Clerk was without authority to file the Complaint because it was not accompanied by a civil case information statement. For the following reasons, the Court agrees with Defendant and dismisses this action without prejudice.

The West Virginia Supreme Court discussed the necessity of a civil case information statement accompanying a complaint in *Cable v. Hatfield*, 505 S.E.2d 701 (W. Va. 1998). In *Cable*, the plaintiffs' counsel mailed a copy of a summons and complaint to the Circuit Court of Mingo County, West Virginia, to be filed. The Clerk, however, refused to file the complaint and, instead, mailed the documents back to counsel with a letter stating, *inter alia*, that a civil case information statement was required. 505 S.E.2d at 703-04. Before plaintiffs' counsel received the letter, the statute of limitations expired on the plaintiffs' claims. *Id.* at 704. Therefore, counsel filed a petition for a writ of mandamus with the circuit court seeking to compel the Clerk to file the complaint *nunc pro tunc* on the date it was mailed. *Id*. The circuit court dismissed the writ, and the plaintiffs appealed. *Id*.

On appeal, the West Virginia Supreme Court affirmed the circuit court. Pursuant to Rule 3 of the West Virginia Rules of Civil Procedure, "[e]very complaint *shall* be accompanied by a completed civil case information statement in the form prescribed by the Supreme Court of Appeals." W. Va. R. Civ. P. 3(b) (emphasis added). In relying upon this language, the West

Virginia Supreme Court held that "Rule 3 . . . requires, in mandatory language, that a completed civil case information statement accompany a complaint submitted to the circuit clerk for filing. In the absence of a completed civil case information statement, the clerk is without authority to file the complaint." Syl. Pt. 5, *Cable*. As the plaintiffs did not comply with the Rule, the West Virginia Supreme Court held the plaintiffs' attempt to initiate their action was defective and "the complaint could not be filed." *Id*. at 709. *See also Gorbey v. Monongalia Cnty.*, No. 13-131, 2014 WL 4289412, *2 & 3 (W. Va. Aug. 29, 2014) (unpublished) (holding that, "given the unequivocal language of Syllabus Point 5 of *Cable*, the circuit court complied with the law, rather than obstructed petitioner's access to the courts, when the clerk refused to file petitioner's purported 2008 complaint" where petitioner admitted he did not file a civil case information statement with his complaint); *Lanick v. Amtower Auto Supply, Inc*., No. 12-0207, 2013 WL 2149864, *2 (W. Va. May 17, 2013) (unpublished) (holding that even if the complaint was received prior to the expiration of the statute of limitations, "under *Cable* it could not have been filed until the completed civil case information sheet was also received" (footnote omitted)).

Although in the present case the Clerk "filed" the Complaint, it is clear under *Cable* that he was without authority to do so as Plaintiff did not include a civil case information statement with his pleading. Thus, at the time this case was removed to this Court, the action was procedurally defective and not validly pending against Defendant under West Virginia law. Plaintiff argues that its failure to attach the civil case information statement to its Complaint should be considered harmless error. However, as evidenced by the aforementioned cases, the West Virginia Supreme Court has been strict about its application of Rule 3 and has never held such

error to be harmless. The fact the Clerk erroneously "filed" the Complaint and Defendant was served a copy did not remedy the fact the action was not lawfully initiated.

Following removal, and after Defendant filed its Motion to Dismiss, Plaintiff apparently realized its procedural infirmity so, on October 15, 2014, it filed an Amended Complaint with a civil case information statement in the state court. Two days later, Plaintiff filed a different Amended Complaint with this Court and attached a copy of the completed civil case information statement and a copy of the Amended Complaint filed in state court. ECF No. 8. Plaintiff argues that its new filings in state court cured any defects that may have existed. However, the Court finds this *post hoc* procedural wrangling cannot rectify the current problem.

Here, it is clear that, at the time of removal, the Clerk had no authority to file the action and Plaintiff's "attempt to initiate . . . [the] action was defective[.]" *Cable*, 505 S.E.2d at 709. The fact the Clerk erroneously "filed" the Complaint did not initiate a valid action. Instead, Plaintiff was required to fulfill all the steps necessary under West Virginia law to bring a lawful action against Defendant. As this did not happen prior to removal, there was no validly pending action against Defendant in state court when the case was removed.

Plaintiff's subsequent attempt to cure the defect at the state level, while this case was pending in federal court, creates even a bigger procedural quagmire. Plaintiff has cited no authority which allows it to file an Amended Complaint in state court, together with a civil case information statement to initiate the state action, and then file a different Amended Complaint in federal court asserting that it filed those documents in state court. Plaintiff simply cannot amend

its pleadings in the same case, in two different courts, with two different Amended Complaints. Such a procedure produces a whole host of issues, not the least of which is the existence of two different Amended Complaints.

Moreover, Plaintiff does not want this action in federal court and has filed a Motion to Remand on other grounds. Plaintiff's goal in its procedural muddling is to be declared the "first to file" in its argument that this action should not be stayed or transferred and consolidated with a parallel action filed by Defendant on September 19, 2014, in the Western District of North Carolina, Charlotte Division (*TriCamp Capital, LLC v. Mid South Carbon Corp.*, Case No. 3:14-CV-00516). However, as stated above, Plaintiff's attempt to initiate this action in state court on August 13, 2014, was defective. Provided the North Carolina action was properly filed, it clearly was filed first because Plaintiff did not even attempt to file a civil case information statement to lawfully initiate its state action until October 15, 2014.

Accordingly, as the Court finds Plaintiff never initiated a valid action against Defendant, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** this action **WITHOUT PREJUDICE**. As this case is dismissed, the Court declines to address the other pending motions.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 9, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE